IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER M. STONE,** | : | **CIVIL NO. 1:15-CV-1002** |
| | : | |
| **Petitioner** | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **TAMMY FERGUSON,** | : | |
| **PA STATE ATTORNEY GENERAL,** | : | |
| | : | |
| **Respondents** | : | |

# MEMORANDUM

Petitioner, Christopher Stone ("Stone"), an inmate currently confined at the State Correctional Institution, Benner Township, in Bellefonte, Pennsylvania, ("SCI-Benner Township"), filed the instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Preliminary review of the petition has been undertaken pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, the petition will be dismissed without prejudice.

**I.    Background**

Stone challenges his continued placement in administrative custody at SCI-Benner Township. (Doc. 1). Specifically, Stone claims that he is being improperly held in administrative custody based on a false incident report, and the false report is simply "another way to keep [him] in the restricted housing unit." (Id. at p. 5). Stone essentially complains that officials at SCI-Benner Township are violating his

constitutional rights by directing his continued placement in administrative custody. For relief, Stone seeks immediate release from administrative custody and placement back in the prison general population. (Id. at p. 15). Additionally, Stone seeks transfer to a different correctional institution. (Id.)

## II. Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (Nealon, J.). Rule 4 provides, in pertinent part, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'" Belt v. Scism, 2010 U.S. Dist. LEXIS 97052, *2-3 (M.D. Pa. 2010) (Muir, J.) (quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970)). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Allen, 424 F.2d at 141.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973); Santos v. Ebbert, 2010 WL 5018954, *2 (M.D. Pa. 2010) (Nealon, J.). Federal habeas corpus review is available

only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." <u>Leamer v. Fauver</u>, 288 F.3d 532, 540 (3d Cir. 2002).

In the instant case, Stone's challenges to his continued placement in administrative custody are not challenges to the fact or duration of his confinement. Stone does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully. He does not seek release from prison, nor does he seek to be released sooner from prison. Rather, Stone complains about his placement in administrative custody. This placement, however, does not affect the length of his sentence. Significantly, Stone does not seek relief that would shorten the length of his current sentence. Nor does he seek release from prison by attacking the legality of his judgment or conviction. Habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the [government's] custody." <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81 (2005). Stone does not seek either speedier release or a judicial determination that necessarily implies the unlawfulness of his incarceration. Thus, the court lacks habeas jurisdiction.

The Court will dismiss the petition without prejudice to any right Stone may have to assert his claims in a properly filed civil rights complaint.[1]  See McCall v. Ebbert, 384 F. App'x 55 (3d Cir. 2010) (district court properly dismissed for lack of jurisdiction habeas petition challenging transfer to increased security level and conditions of confinement); Bedenfield v. Lewisburg, 393 F. App'x 32, 33 (3d Cir. 2010) ("Bedenfield's challenge to his placement in the SMU is analogous to the 'garden variety prison transfer' that we have indicated should be challenged in a civil rights action, not via a habeas petition").

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be dismissed.  An appropriate order will issue.

        /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      June 5, 2015

---

[1] In this regard, the court expresses no opinion as to the merits, if any, of any civil rights claim Stone may file based upon the facts asserted herein.